Anna Y. Park, SBN 164242
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
          Anna.Park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TARR, INC. and ZENITH, LLC, and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.: **'17 CV 1660 W    WVG**<br><br>**COMPLAINT**<br><br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices based on sex (female, pregnancy) and to provide appropriate relief to Charging Party Candace A. Musa ("Musa"), class member Taijonique Campbell ("Campbell"), and other similarly-situated individuals. As alleged with greater particularity in Paragraphs 17-35 herein, the Commission alleges that Defendants TARR, Inc., Zenith, LLC and Does 1-10 (collectively referred to herein as "Defendants"), unlawfully subjected Musa, Campbell, and other similarly-situated individuals to discriminatory discharge because of pregnancy, a condition of their sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Pregnancy Discrimination Act of 1978. Plaintiff EEOC is expressly

authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendants have continuously been a corporation doing business within California and the jurisdiction of the United States District Court for the Southern District of California.

6. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

8. The Commission is under informed belief that during 2016, Defendant TARR Inc. merged with Defendant Zenith, LLC. Defendant Zenith, LLC is liable as a successor entity based on the following:

(a) Continuity of operations between TARR, Inc. and Zenith, LLC exists. TARR, Inc. operates a business in internet marketing and advertising, including selling dietary supplements through the internet. Zenith, LLC is engaged in the business of internet marketing. Zenith, LLC's current business address at 9225 Brown Deer Rd., San Diego, CA 92121 was the same address for TARR, Inc.

(b) Continuity of the workforce and common management between TARR, Inc. and Zenith, LLC also exists. Vanessa Thompson, TARR, Inc.'s General Manager during 2013-2016, continued in her role as General Manager for Zenith, LLC. As recently as December 13, 2016, Thompson identified herself as the General Manager for Zenith, LLC. Several other officers/managers continued their employment with Zenith, LLC, including but not limited to Adrian Skibine, Ryan Fowler, and Nathan

        Martinez. Other TARR, Inc. employees also continued their employment with Zenith, LLC.

   (c) Zenith, LLC had notice of its legal obligations for the instant EEOC action based on common management, i.e., through TARR/Zenith General Manager Thompson as well as communication sent to Zenith, LLC's address. During 2013 through 2016, Thompson was actively involved with the EEOC's investigation of this charge in her official capacity. As recently as December 13, 2016, Thompson sent emails to EEOC from Zenith, LLC's email address and identified herself as the General Manager for Zenith, LLC. On June 5, 2017, the EEOC served its letter of determination regarding its investigation to the TARR/Zenith, LLC address, 9225 Brown Deer Rd., San Diego, CA 92121.

   (d) Zenith, LLC is a necessary successor party because during late 2016, TARR, Inc. alleged that it has been dissolved. Moreover, the Commission is under informed belief that TARR, Inc. is currently "undercapitalized" and lacks sufficient funds to meet its foreseeable and actual liabilities. Accordingly, successor company Zenith, LLC is now a necessary party to assure adequate injunctive and monetary relief directly.

9. All acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each

1  Defendant acting individually, jointly, and/or severally.

2      10. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

    11. More than 30 days prior to the institution of this lawsuit, Charging Party Candace A. Musa filed a charge with the Commission alleging violations of Title VII by Defendant(s).

    12. On June 5, 2017, after an investigation by the Commission, the Commission issued Defendant(s) a Letter of Determination finding reasonable cause to believe that Title VII and Pregnancy Discrimination Act of 1978 were violated and inviting Defendant(s) to join with the Commission to endeavor to eliminate the discriminatory practices and provide appropriate relief through informal methods of conciliation.

    13. The Commission engaged in communications with Defendant(s) to provide Defendant(s) the opportunity to remedy the discriminatory practices described in the Letter of Determination.

    14. The Commission was unable to secure from Defendant(s) a conciliation agreement acceptable to the Commission.

    15. On August 7, 2017, the Commission issued Defendant(s) a Notice of Conciliation Failure.

    16. All conditions precedent to the initiation of this lawsuit have been fulfilled.

17. Since at least March 2013, Defendants have engaged in unlawful employment practices based on sex and pregnancy in violation of Sections 701 (k) and 703 (a)(1) of Title VII, 42 U.S.C. §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

### Charging Party Candace A. Musa

18. On or about December 4, 2012, Musa was hired by Defendants as a Customer Service Representative. Defendants' business involved internet sales of dietary supplements.

19. As a Customer Service Representative, Musa handled angry customer complaints over the telephone. Most of these customers called Musa to complain about being overcharged for products and sought a refund or "chargeback" to their credit card company. "Chargebacks" occur when a customer disputes unwanted charges with their credit card company.

20. Customer Service Representatives were trained to dissuade customers from "chargebacks" or refunds.

21. On or about March 24, 2013, Musa underwent a job performance review and received positive feedback regarding her work from Defendants' General Manager, Vanessa Thompson ("Thompson").

22. During this performance review, Musa informed Thompson that she was pregnant.

23. On or about April 3, 2013, Defendants discharged Musa based on her pregnancy, a condition of her sex (female) in violation of Sections 701 (k) and 703 (a)(1) of Title VII. Specifically, on April 4, 2013, Musa was called into Thompson's office and told that she was being discharged due to excessive "chargebacks" from customers. Musa had never been disciplined or informed that she had excessive "chargebacks." Other non-pregnant employees who also incurred "chargebacks" were not disciplined or discharged.

## Class Member Taijonique Campbell

24. On or about April 30, 2013, Campbell began her employment with Defendants as a Customer Service Representative.

25. Sometime during mid-December 2013, Campbell started having contractions and needed to be on bed rest due to her pregnancy. Campbell's doctor placed her on maternity leave in mid-December 2013.

26. Prior to taking maternity leave, Thompson told Campbell that the company could not guarantee Campbell a job after returning from maternity leave and that she would need to reapply for a job. Campbell conveyed that she expected to return to work after approximately six (6) weeks of maternity leave.

27. On January 2, 2014, Campbell gave birth. Soon thereafter, in mid-January 2014, Campbell spoke with Thompson about returning to work. Thompson told Campbell that all positions were "fully staffed" because Thompson "had hired a couple of new people."

28. During January 2014, Defendants denied Campbell reinstatement after she returned from maternity leave, resulting in her discharge based on her pregnancy, a condition of her sex (female) in violation of Sections 701 (k) and 703 (a)(1) of Title VII.

29. Defendants' failure to reinstate Campbell was in violation of its own pregnancy leave policy. Under this written policy, employees returning from maternity leave are entitled up to four (4) months of leave and reinstatement to the same position.

30. Defendants' personnel records inaccurately labeled Campbell's job separation as "voluntary" because she allegedly "failed to return from a leave of absence."

31. The effect of the practices complained of, as described above, has been to deprive Musa, Campbell, and other similarly-situated individuals of equal employment opportunities and otherwise adversely affect their status as an

employee, because of pregnancy, a condition of their sex, female.

32. The unlawful employment practices complained of, as described above, were intentional and caused Musa, Campbell, and other similarly-situated individuals to suffer emotional distress.

33. The unlawful employment practices complained of, as described above, were done with malice or with reckless indifference to the federally protected rights of Musa, Campbell, and other similarly-situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendants to make whole Candace Musa, Taijonique Campbell, and other similarly-situated individuals by providing them appropriate back- pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendants to make whole Candace Musa, Taijonique Campbell, and other similarly-situated individuals by providing them compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendants to make whole   Candace Musa, Taijonique Campbell,

1 | and other similarly-situated individuals by providing them compensation for past
2 | and future non-pecuniary losses resulting from the unlawful practices described
3 | above, in amounts to be determined at trial. The non-pecuniary losses include, but
4 | are not limited to, emotional pain, suffering, inconvenience, mental anguish,
5 | humiliation, and loss of enjoyment of life.
6 |     F. Order Defendants to pay Candace Musa, Taijonique Campbell, and other
7 | similarly-situated individuals punitive damages for their malicious and/or reckless
8 | conduct as described above, in amounts to be determined at trial.
9 |     G. Award the Commission its costs of this action.
10 |    H. Grant such further relief as the Court deems necessary and proper in the
11 | public interest.
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: 8/17/17

Respectfully Submitted

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
Anna Y. Park,
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

CONNIE K. LIEM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION